IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DONITA M. HAMMAN,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )      Case No. CIV-04-985-L
                                     )
JO ANNE B. BARNHART,                 )
COMMISSIONER OF THE SOCIAL           )
SECURITY ADMINISTRATION,             )
                                     )
            Defendant.               )

## REPORT AND RECOMMENDATION

Plaintiff Donita Hamman seeks judicial review from the denial of benefits by the

Social Security Administration ("SSA").  Based on an erroneous residual functional capacity

("RFC") determination, the Court should reverse and remand for an immediate award of

benefits.[1]

I.      BACKGROUND

The extended history of this action began with Ms. Hamman's application for

supplemental security income ("SSI") on December 6, 1994.  Administrative Record at pp.

288-90 (certified Sept. 30, 2004) ("Rec.").  The SSA denied the application initially and on

reconsideration.  *Id.* at pp. 291, 307-309.  Three administrative hearings were held,[2] each

---

[1]      The Court has referred the action to the undersigned for findings and recommendations on
dispositive matters.  Order Referring Matter to United States Magistrate Judge (Aug. 12, 2004).

[2]      *See* Rec. at pp. 760-804, 805-35, 836-91.

resulting in a finding of non-disability[3] and a remand by the Appeals Council.[4]  A United

States Administrative Law Judge conducted a fourth hearing, applied the five-step process

mandated under 20 C.F.R. § 416.920(b)-(f), and rejected the Plaintiff's claims.  *Id.* at pp. 11-

23 (decision), pp. 892-922 (hearing).[5]

The Appeals Council declined jurisdiction,[6] and the present action followed.

II.    STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial

evidence and the correct legal standard.  *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th

Cir. 2005).  If the SSA's decision lacks substantial evidence or is based on an incorrect legal

---

[3]    *See* Rec. at pp. 417-25, 489-94, 618-33.

[4]    *See* Rec. at pp. 448-50, 530-31, 656-58.

[5]    At step one, the administrative law judge found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  Rec. at pp. 13, 22.

At step two, the judge found that Ms. Hamman had severe impairments involving hypertension, diabetes mellitus, obesity, degenerative disc disease of the lumbosacral spine, and dependent personality disorder.  *Id.* at pp. 18, 22.

At step three, the judge found that the Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing".  *Id.*

At step four, the administrative law judge determined that the Plaintiff retained the RFC to perform unskilled sedentary work as long as she had an option to sit and stand at will.  *Id.* at pp. 20, 22.  Based on this RFC, the judge determined that Ms. Hamman could not perform her past relevant work.  *Id.* at pp. 21, 22.

At step five, the administrative law judge concluded that the Plaintiff could work as a food and beverage order clerk and touch-up inspector.  *Id.* at pp. 21-23.  Thus, at step five, the administrative law judge concluded that Ms. Hamman was not disabled.  *Id.*

[6]    Rec. at pp. 3-5.

standard, reversal is necessary.  *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

III.    THE RFC DETERMINATION

The administrative law judge made the following RFC determination: "The claimant has the residual functional capacity to perform unskilled sedentary work activity, with the option to sit and stand at will."  Rec. at p. 22; *see supra* note 5.  Based on this RFC, the judge determined that the Plaintiff could perform the sedentary jobs of food and beverage order clerk and touch-up inspector.  Rec. at pp. 21-23.  This finding erroneously omitted any mental, manipulative, and reaching limitations.[7]

A.    Duty at Step Four

At step four, the administrative law judge must evaluate the claimant's mental and physical RFC.  *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  To do so, the judge must evaluate the medically determinable impairments, including the impact of any related symptoms.  *See* Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, Westlaw op. at 2 (July 2, 1996).  In addition, the adjudicator must consider restrictions

---

[7]    Ms. Hamman also alleges erroneous consideration of a treating physician's opinion. Plaintiff's Opening Brief at pp. 17-21 (Feb. 22, 2005) ("Plaintiff's Opening Brief"); Plaintiff's Reply Brief at pp. 2-5 (Aug. 9, 2005) ("Plaintiff's Reply Brief").  But the Court need not address this argument in light of the conclusion discussed in the text.  *See infra* pp. 3-11.

associated with all of the individual's mental and physical impairments, even those that are not severe. *See* 20 C.F.R. § 416.945(e) (2003)[8] ("we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity").

The judge must then "identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, Westlaw op. at 1 (July 2, 1996).

When assessing mental impairments, the judge must explain the claimant's functional limitations within the following four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) deterioration or decompensation in work or work-like settings. *See id.*, 1996 WL 374184, Westlaw op. at 4; 20 C.F.R. § 416.920a(c)(3) (2003).

B.     Manipulative and Reaching Limitations

Ms. Hamman contends that based on evidence regarding her manipulative and reaching impairments, the administrative law judge had erred by failing to include corresponding limitations in the RFC. Plaintiff's Opening Brief at pp. 22-24; Plaintiff's

---

[8]     The Court should apply the Social Security regulations which were in effect at the time of the administrative law judge's decision. *See Branum v. Barnhart*, 385 F.3d 1268, 1272 n.2 (10th Cir. 2004).

Reply Brief at pp. 5-6.  According to the Plaintiff, this error was significant because the jobs identified by the vocational expert required frequent or constant handling, fingering, and reaching.  Plaintiff's Opening Brief at pp. 23-24; Plaintiff's Reply Brief at pp. 5-6.  Ms. Hamman is correct.

At various times, Ms. Hamman complained of pain in her right shoulder and pain, swelling, numbness, and tingling in the hands and fingers.  Rec. at pp. 354, 380, 399, 477, 516, 518, 565, 590, 600, 711, 712, 718.  Treating physicians and state agency doctors corroborated the Plaintiff's complaints and assessed corresponding limitations.  For example, Dr. David West stated that the Plaintiff had tendinitis in her right shoulder, locking of a PIP joint on her left long finger, and limitations in overhead reaching.  *Id.* at pp. 354, 358. Likewise, Dr. Patrick Lecorps opined that the Plaintiff suffered from chronic bursitis and decreased strength in her right shoulder.  *Id.* at pp. 381, 464.  Dr. A. A. Mohammad reported pain in the right wrist and hand and bursitis or tendinitis in the right shoulder.  *Id.* at pp. 399, 516, 518, 565.  Finally, Dr. McGovern noted that the Plaintiff could not reach with her right hand and that upon handling with this hand, she would experience numbness.  *Id.* at p. 592.[9]

The Defendant argues that "the evidence does not indicate any *significant* limitations in reaching, handling, or fingering at the sedentary exertional level."  Brief in Support of the

---

[9]     Physical therapist Jim Brown also found limitations in reaching and handling, noting that "handling activities will be acceptable when performed standing at an appropriate work surface and when allowing the [patient] to frequently change positions."  Rec. at p. 472.

Commissioner's Decision at p. 9 (June 24, 1995) ("Defendant's Brief").  This argument is invalid for three reasons.

First, the argument assumes that the administrative law judge had to discuss the limitations only if they were "significant".  *See id*.  The assumption is erroneous because the pertinent regulations require consideration in the RFC of all impairments, "even those that are not severe. . . ."  20 C.F.R. § 416.945(e) (2003).

Second, the Defendant's argument is based on a definition of "sedentary work" which purportedly "involves lifting no more than ten pounds at a time; occasionally lifting or carrying small articles like docket files, ledgers, and small tools; and primarily sitting with only occasional standing and walking."  Defendant's Brief at p. 9; *see* 20 C.F.R. § 416.967(a) (2003).  But this definition is based only on the "exertional" requirements of sedentary work. *See* 20 C.F.R. § 416.967 (2003) ("To determine the physical exertion requirments [sic] of work in the national economy, we classify jobs as *sedentary*, *light*, *medium*, *heavy*, and *very heavy*." (emphasis in original)).   The impairments involving reaching, handling, and fingering are considered  "nonexertional".  *See* 20 C.F.R. § 416.969(c)(vi) (2003); Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, Westlaw op. at 6 (July 2, 1996). The SSA recognizes that "[m]ost unskilled sedentary jobs require good use of both hands and the fingers . . . ."  Social Security Ruling 96-9p, Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work – Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work, 1996 WL 374185, Westlaw op. at

8 (July 2, 1996).  Indeed, according to the Dictionary of Occupational Titles, good manual dexterity is necessary for the two jobs relied upon by the administrative law judge.[10]

Third, the Defendant's argument involves a *post-hoc* rationale for the administrative law judge's decision.  *See Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this *post hoc* effort to salvage the [administrative law judge's] decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").  According to the Defendant, the evidence does not support a finding that the limitations in "reaching, handling, or fingering . . . would prevent Plaintiff from performing sedentary work."  Defendant's Brief at p. 10.  But the administrative law judge did not state whether he was weighing the evidence in the manner stated by the Defendant.  Instead, the judge acknowledged medical diagnoses of tennis elbow, tendinitis in the right shoulder, locking of the left finger joint, pain in the right shoulder, and chronic subacromial bursitis of the right shoulder.  Rec. at pp. 14-16.  The Defendant simply points to other references in the medical evidence which would have supported a finding of minimal limitations in reaching, fingering, and handling.  The Court cannot assess how the administrative law judge would have weighed the competing evidence because it was never discussed.

---

[10]    According to the Dictionary of Occupational Titles, the job of "food and beverage order clerk" requires "frequent" reaching, handling, and fingering and the job of "touch-up inspector" requires "constant" reaching, handling, and fingering.  Dictionary of Occupational Titles 209.567-014, 726.684-050 (rev. 4th ed. 1991).

7

The record clearly contained evidence which would have supported inclusion of limitations in reaching, handling, and fingering in the RFC assessment.  Accordingly, the administrative law judge had a duty to assess the evidence regarding impairments in reaching and manipulation.  *See supra* pp. 3-4.   The error was significant here because the administrative law judge found that the Plaintiff could perform jobs which would require the ability to effectively reach and use one's hands and fingers.  As a result, the error requires reversal and remand.  *See Cox v. Apfel*, 166 F.3d 346, 1998 WL 864118 (10th Cir. Dec. 14, 1998) (unpublished op.) (reversing for failure to assess manipulative limitations when the claimant had presented evidence of complaints involving pain, numbness, and tingling in the arms, hands, and fingers and diagnoses of corresponding impairments).

C.   <u>Mental Limitations</u>

In assessing the RFC, the administrative law judge also erred through the omission of mental limitations.

At step two, the administrative law judge acknowledged that Ms. Hamman suffered from a severe dependent personality disorder.  Rec. at p. 18; *see supra* note 5.  Then, at step three, the judge concluded that the Plaintiff suffered from continuous episodes of decompensation.  Rec. at pp. 18-19.  But the judge's findings at steps two and three were incompatible with his RFC findings, which omitted reference to a mental impairment or related limitations. This omission constituted error because the administrative law judge: (1) had already acknowledged significant restrictions on Ms. Hamman's ability to perform work

related activities,[11] and (2) was obligated to assess functional limitations associated with the Plaintiff's mental health.[12]  *See Baker v. Barnhart*, 84 Fed. Appx. 10, 13-14 (10th Cir. Dec. 10, 2003) (unpublished op.);[13] *accord Lechner v. Barnhart*, 321 F. Supp. 2d 1015, 1036 (E.D. Wisc. 2004) ("It is true, as plaintiff notes, that an [administrative law judge] cannot find a mental impairment severe and then fail to include any limitations based on the impairment in the RFC determination." (citation omitted)); *Spears v. Barnhart*, 284 F. Supp. 2d 477, 483-84 (S.D. Tex. 2002) (holding that the administrative law judge had erred through the failure to include depression in the RFC findings after acknowledging that the condition had constituted a severe impairment at step two).  As a result, reversal is necessary.[14]

----

[11]     *See supra* note 5 (noting that Ms. Hamman suffered from a severe personality disorder); *see also* 20 C.F.R. § 416.920a (2003) (a finding of continuous episodes of decompensation represents a degree of limitation that is incompatible with the ability to perform gainful activity).

[12]     *See* Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, Westlaw op. at 1-3 (July 2, 1996); Social Security Ruling 85-16, Titles II and XVI: Residual Functional Capacity for Mental Impairments, 1985 WL 56855, Westlaw op. at 2 (1985) ("all limits on work-related activities resulting from the mental impairment must be described in the mental RFC assessment").

[13]     In *Baker v. Barnhart*, the administrative law judge found at step two that the claimant's back pain was severe.  *See Baker v. Barnhart*, 84 Fed. Appx. at 12.  But the judge did not include the pain in his RFC assessment.  *See id.* at 12-13.  The Tenth Circuit Court of Appeals held that the RFC findings were erroneous in light of the determination at step two.  *See id.* at 13-14.  The appeals court explained that the administrative law judge's "step-two finding makes it impossible to conclude at step four that [the claimant's] pain was insignificant . . . ."  *Id.* at 13.

[14]     In response, the Defendant contends that the administrative law judge had concluded that the mental impairments did not limit the Plaintiff's ability to perform unskilled work.  Defendant's Brief at pp. 10-11.  But the skill level of potential jobs does not take into account the Plaintiff's mental limitations.  *See Wayland v. Chater*, 76 F.3d 394, 1996 WL 50459, Westlaw op. at 2 (10th Cir. Feb. 7, 1996) (unpublished op.) (concluding that "a cognitive or emotional impairment" cannot "be functionally equated with the lack of a skill").  The SSA has explained:

IV.	THE APPROPRIATE REMEDY

With the reversal, the Court could remand to the SSA for further hearing or direct an award of benefits to the claimant.  *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).  The Plaintiff has requested a remand for an award of benefits.  *See* Plaintiff's Opening Brief at p. 25; Plaintiff's Reply Brief at p. 8.  Two factors strongly support the Plaintiff's request.

First, Ms. Hamman applied for benefits over 10½ years ago,[15] and further delay would be inequitable.[16]

Second, the SSA has already provided four administrative hearings and an equal number of reviews by the Appeals Council.  *See supra* pp. 1-2.  "The [SSA] is not entitled to adjudicate a case '*ad infinitum* until it correctly applies the proper legal standard and

---

> Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job.  A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job.  For example, a busboy need only clear dishes from tables.  But an individual with a severe mental disorder may find unmanageable the demands of making sure that he removes all the dishes, does not drop them, and gets the table cleared promptly for the waiter or waitress.

Social Security Ruling 85-15, Titles II and XVI: Capability to Do Other Work – The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments, 1985 WL 56857, Westlaw op. at 6 (1985).

[15]	*See supra* p. 1.

[16]	*See Sisco v. United States Department of Health and Human Services,* 10 F.3d 739, 746 (10th Cir. 1993) (award directed when the claim was pending seven years); *Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993) (award directed when the claim was pending six years).

gathers evidence to support its conclusion.'" *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 746 (10th Cir. 1993) (citation omitted).

The combination of these factors should result in directions for payment of benefits, rather than reconsideration by the SSA.

## V.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand with directions for the SSA to award SSI to the Plaintiff.  The amount of the payments should be left to the SSA on remand.

Any party may file written objections with the Clerk of the United States District Court.  *See* 28 U.S.C. § 636(b)(1) (2000).  Objections are due October 10, 2005.  *See* W.D. Okla. LCvR 72.1(a).  If a party does not file written objections by October 10, 2005, she would waive any right to appellate review.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## VI.    STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 19th day of September, 2005.


*Robert E. Bacharach*
_____
Robert E. Bacharach
United States Magistrate Judge